■ SIMA REALTY L. L. C., Appellant, v KAREL PHILIPS et al., Respondents, et al., Defendants. [724 NYS2d 51] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 16, 2000, which, in an action for ejectment, rent arrears and use and occupancy, denied plaintiff landlord's motion for summary judgment, but directed defendant occupants of the subject premises to deposit with the clerk of the court unpaid rent or use and occupancy at the rate set forth in the lease, unanimously affirmed, without costs.

There is no merit to landlord's contention that the occupants should be ejected because their residential use of premises that lack a residential certificate of occupancy is presumptively unsafe and in violation of public policy as declared in Multiple Dwelling Law § 2. That law was enacted to protect tenants of multiple dwellings against unsafe living conditions, not to provide a vehicle for landlords to evict tenants on the ground that premises are unsafe. To the extent the policy underlying the Multiple Dwelling Law is at all pertinent, its tendency would be to compel the landlord's expeditious conversion of the premises to residential use. Given factual issues as to whether the landlord knowingly countenanced the occupants' residential use of the premises, and whether the building is a "multiple dwelling," within the meaning of Multiple Dwelling Law § 4 (7), for which no certificate of occupancy has been obtained, summary judgment on the claims for unpaid rent and use and occupancy was properly denied (*see, S & M Enters. v Lee*, 280 AD2d 265). The direction that the occupants deposit unpaid rent or use and occupancy with the clerk of the court was a proper balancing of the equities pending determination of whether rent is to be forfeited under Multiple Dwelling Law § 302 (1) (b). Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.