**USC 462 W. 141 LLC v Richards**

2025 NY Slip Op 34948(U)

January 9, 2026

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 312360/25

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
------------------------------------------------------------------X
USC 462 WEST 141 LLC a/k/a USC 462 W 141
LLC,

                                         Index No. L&T 312360/25

                   Petitioner,

             -against-                       **DECISION/ORDER**

CHARMAINE RICHARDS,

                   Respondent.
-----------------------------------------------------------------X
Present:

        Hon. <u>CLINTON J. GUTHRIE</u>
               Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion for summary judgment pursuant to CPLR § 3212 and MDL § 302(1)(b):

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed…………...…....... | 1 (NYSCEF #14-17) |
| Affirmation in Opposition & Exhibit Annexed……......……... | 2 (NYSCEF #20-21) |
| Affirmation in Further Support (Reply)……………..………. | 3 (NYSCEF #22) |

Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.

<u>PROCEDURAL HISTORY</u>

        This summary nonpayment proceeding was filed in July 2025. Respondent filed a pro se answer on August 14, 2025. Respondent later retained counsel and interposed an amended answer on October 10, 2025 on consent. Respondent now moves for summary judgment upon her defense grounded in Multiple Dwelling Law (MDL) § 302. Following the submission of opposition and reply papers, this court heard argument on the motion on January 9, 2026.

1

[* 1]

DISCUSSION/CONCLUSION

On a motion for summary judgment, "the proponent . . . must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact[.] . . . Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986] [internal citations omitted]).  In support of her motion, respondent annexes certain HPD (NYC Department of Housing Preservation and Development) and OATH/ECB (NYC Office of Administrative Trials and Hearings/Environmental Control Board) violations issued for the subject building.  Respondent argues that the violations constitute evidence that the subject building is occupied contrary to its certificate of occupancy and, as a result, petitioner is precluded from maintaining this proceeding for nonpayment of rent pursuant to MDL § 302(1)(b).  Petitioner opposes the motion in all respects, primarily arguing that the violations annexed by respondent are not dispositive evidence of occupancy that would preclude collection of rent.  Petitioner also argues that it would be inequitable for respondent to raise the MDL § 302 defense in this proceeding, after failing to raise it in prior proceedings.

Under MDL § 302(1)(b), no rent shall be recovered and no action or proceeding for the nonpayment of rent shall be maintained if any dwelling or structure is occupied in whole or in part for human habitation in violation of MDL § 301, which governs certificates of occupancy (*see Chazon, LLC v Maugenest*, 19 NY3d 410, 413 [2012]).  The statute will apply if the premises lacks a certificate of occupancy (*see 49 Bleecker, Inc. v Gatien*, 157 AD3d 619 [1st

2

Dept 2018) or if any part of the building is occupied contrary to an existing certificate of occupancy (*see East Harlem MEC Parcel C, L.P. v Smalls*, 82 Misc 3d 127[A], 2024 NY Slip Op 50317[U] [App Term, 1st Dept 2024]). It also applies irrespective of whether the unlawful occupancy relates to the apartment at issue (*see Smalls*, 2024 NY Slip Op 51317[U], *1; *Ormonde Equities LLC v Jacoby*, 81 Misc 3d 137[A], 2023 NY Slip Op 51416[U] [App Term, 1st Dept 2023]; *West 48th Holdings LLC v Eliyahu*, 64 Misc 3d 133[A], 2019 NY Slip Op 51066[U] [App Term, 1st Dept 2019]).

Here, respondent shows that HPD issued a violation on May 3, 2024 (No. 16946215), which requires a certificate of occupancy to legalize an alteration on the 4th story of the building whereby rooming units were combined. A similar violation (No. 12029073) was issued in 2017. Upon the court taking judicial notice of the HPD website pursuant to MDL § 328(3), the court finds that both violations remain open and uncertified as corrected. An open HPD violation is prima facie evidence that the underlying condition is a hazard to life, health, or safety (*see Fiondella v 345 W. 70th Tenants Corp.*, 217 AD3d 495, 496 [1st Dept 2023]).

Respondent also annexes an OATH/ECB violation dated April 22, 2024 (No. 35243663P), which mirrors the HPD violations by referencing occupancy contrary to the certificate of occupancy through the unlawful combining of rooming units on the 4th story of the subject building. A penalty of $1,250.00 was imposed on petitioner as a result of the OATH/ECB violation. Upon the court's taking judicial notice of the NYC Department of Buildings (DOB) website (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 20 [2d Dept 2009]), the relevant OATH/ECB violation remains open with no compliance recorded. The court also takes notice on the DOB website that no new certificate of occupancy was issued

3

for the subject building after the OATH/ECB violation. The only certificate of occupancy on file dates to 1954. An OATH finding of occupancy contrary to the certificate of occupancy will suffice as prima facie evidence in support of an MDL § 302 defense (*see Jacoby*, 2023 NY Slip Op 51416[U], *1; *see also Matter of GVS Props. LLC v Vargas*, 172 AD3d 466 [1st Dept 2019]).

Thus, the court finds that respondent has established her prima facie burden on this summary judgment motion. The court does not find that petitioner has come forth with admissible evidence refuting respondent's evidence that would create an issue of fact requiring a trial on the merits. While counsel for petitioner stated during the argument that petitioner is taking steps to remove the violations, which have been subject to bureaucratic delays, no proof of this is annexed to the opposition papers; moreover, it is not for this court to nullify administrative agency determinations (*see Sohn v Calderon*, 78 NY2d 755, 767 [1991]).

To the extent that petitioner argues that respondent should be barred from raising a defense based on MDL § 302 because it was not raised in prior proceedings, the court finds this argument to be unavailing. Petitioner presents no proof that respondent raised or could have raised the defense in a prior proceeding or that any proceeding resulted in an adverse decision against respondent (*cf. Sky E., LLC v Franco*, 204 AD3d 594 [1st Dept 2022]). Moreover, MDL § 2, entitled "Legislative finding," states that the provisions therein are enacted and "their necessity in the public interest are enacted . . . as a matter of legislative determination." In citing MDL § 2, the Appellate Division, First Department has held that the Multiple Dwelling Law was "enacted to protect tenants of multiple dwellings against unsafe living conditions[.]" (*Sima Realty LLC v Phillips*, 282 AD2d 394, 395 [1st Dept 2001]). Thus, the court finds it would be

4

[* 4]

contrary to public policy to hold that a defense based on MDL § 302 can be inadvertently waived or estopped.

For each of these reasons, respondent's motion for summary judgment is granted and the petition is dismissed upon the basis that petitioner is unable to maintain this nonpayment proceeding under MDL § 302(1)(b).  The clerk shall issue a judgment dismissing the petition (*see* CPLR § 411).

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
       January 9, 2025                                  _____
                                                        HON. CLINTON J. GUTHRIE, J.H.C

> APPROVED
> CGUTHRIE , 1/9/2026, 5:22:46 PM

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| MOTION SEQ. #: 3 | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |
| NOTES | | | | | | |

5